## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**STEELHEAD LICENSING  LLC,**

       Plaintiff,

    v.

**DEUTSCHE TELEKOM AG, T-MOBILE GLOBAL ZWISCHENHOLDING GmbH, T-MOBILE GLOBAL HOLDING GmbH,** and **T-MOBILE USA, INC.,**

       Defendants.

C.A. No._____

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Steelhead Licensing LLC ("Steelhead"), by and through its undersigned counsel, for its Complaint against Deutsche Telekom AG ("Deutsche Telekom"), T-Mobile Global Zwischenholding GmbH ("T-Mobile"), T-Mobile Global Holding GmbH ("T-Mobile Holding"), and T-Mobile USA, Inc. ("T-Mobile USA") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendants from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Steelhead, from U.S. Patent No. 5,491,834 (the "'834 Patent"), attached hereto as Exhibit A) pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## THE PARTIES

2.    Plaintiff Steelhead is a Delaware limited liability company with its principal place of business at 222 Delaware Avenue, P.O. Box 25130, Wilmington, DE 19899.

3.      Defendant Deutsche Telekom is a German company with its principal place of business at Friedrich-Ebert-Allee 140, Bonn, 53113, Germany.

4.      Defendant T-Mobile, a wholly-owned subsidiary of Deutsche Telekom, is a German company with its principal place of business at Friedrich-Ebert-Allee 140, Bonn, 53113, Germany.

5.      Defendant T-Mobile Holding, a wholly-owned subsidiary of T-Mobile, is a German company with its principal place of business at Friedrich-Ebert-Allee 140, Bonn, 53113, Germany.

6.      Defendant T-Mobile USA, a wholly-owned subsidiary of T-Mobile Holding, is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.  T-Mobile USA can be served with process through its agent, Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, Delaware 19808.

7.      Defendants are in the business of using, selling, offering for sale and/or importing mobile devices, including mobile phones and free-standing mobile hotspot devices.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

9.      This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as well as because of the injury to Steelhead and the cause of action Steelhead has raised, as alleged herein.

10.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, *Del Code. Ann. Tit. 3, §3104,*

due to at least their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

11.     Defendants have conducted and do conduct business within the state of Delaware, directly or through intermediaries, resellers, agents, or offer for sale, sell, advertise products in Delaware that infringe the '834 Patent.

12.     In addition to Defendants' continuously and systematically conducting business in Delaware, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Delaware, including Defendants' using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the '834 Patent.

13.     Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continues to commit acts of patent infringement in this District.  For example, Defendants have used, sold, offered for sale, and/or imported infringing products in this District.

## JOINDER

14.     Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products.  Specifically, as alleged in detail below, Defendants are alleged to infringe the '834 Patent with respect to the same mobile phones and free-standing mobile hotspot devices

including, but not limited to, MyTouch mobile phone, T-Mobile G2 mobile phone, and Sonic Mobile 4g Hotspot.

15.     Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to both defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the '834 Patent, and what reasonable royalty will be adequate to compensate the owner of the '834 Patent for its infringement.

16.     Defendants use, make, sell, offer for sale and/or import mobile devices that, when used, infringe on the '834 Patent.

17.     At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the using, importing into the United States, offering for sale, or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

18.     On February 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '834 Patent, entitled "Mobile Radio Handover Initiation Determination" after a full and fair examination. Steelhead is presently the owner of the patent and possesses all right, title and interest in and to the '834 Patent. Steelhead owns all rights of recovery under the '834 Patent, including the exclusive right to recover for past infringement. The '834 Patent is valid and enforceable.

19.     The '834 Patent contains eight independent claims and twelve dependent claims. Defendants commercialize, *inter alia*, methods that perform all the steps recited in one or more claim of the '834 Patent. Defendants use, import, and sell or offer for sale telecommunication

products, including mobile phones and free-standing mobile hotspot devices, which encompass one or more of the features recited and which perform all the steps comprised in the patented claims.

20.     The invention claimed in the '834 Patent includes a process for determining the manner in which handover is performed in a mobile radio network including a plurality of cells, where each cell is associated with a base station supporting communication with a mobile device.

21.     The patented process includes the steps of monitoring the quality of a signal as a function of time respectively transmitted between candidate base stations and the mobile unit. The process further includes producing an indication of either the rise or fall of the signal's quality as a function of time.  Handover from a serving base station supporting communication with the mobile unit to another base station is initiated based on the rise or fall in the signal's quality.

22.     For example, operators of mobile networks rely on the patented process to handle service associated with their mobile devices.  Specifically, Defendants rely on the patented process to determine the manner in which communication service associated with a mobile phone and/or a free-standing mobile hotspot device is to be handed over from one cell to another.

23.     Defendants commercialize mobile devices which support both Universal Mobile Telecommunications System (hereinafter, "UMTS") and Long Term Evolution (hereinafter, "LTE") standards.   These products will be hereinafter identified as Defendants' UMTS/LTE Products.

24.     UMTS is a third-generation (3G) of mobile phone technology for radio systems. It is an integrated solution for mobile voice and data capabilities with wide area coverage. It

allows users to send and/or receive text, voice, video, and multimedia files at theoretical transfer rates of up to 2Mbps.

25.     LTE is a fourth-generation (4G) wireless broadband technology.  LTE provides high-speed communication and data transfer with increased bandwidth capacity. It derives from the GSM/UMTS technologies and is faster than 3G.  Unlike earlier mobile technologies, all communication in LTE devices is handled as data.

26.     In mobile telephony, it is necessary to maintain an established user connection even if the user is changing locations, or the radio access environment surrounding the user is changing, while the connection is still active.   "Handover" refers to the transfer of user connection from one access point to another.  For Defendants' UMTS/LTE Products, Defendants rely on the patented process to determine mobile device communication conditions for initiating a handover from one cell to another.

## DEFENDANTS' INFRINGEMENT

27.     Defendants practice patented mobile telecommunications methods with respect to certain mobile telecommunications devices commercialized in this judicial district.   Specifically, Defendants practice a method that determines the manner in which handover of service is performed among cells in a mobile network with respect to certain mobile devices.

28.     Defendants' UMTS/LTE Products include, but are not limited to, the MyTouch mobile phone, T-Mobile G2 mobile phone, and Sonic Mobile 4g Hotspot.

29.     Each Defendants' UMTS/LTE Product forms a mobile terminal that can be used on a mobile radio network such as that provided by a telecommunications company or a carrier. This network is formed by a plurality of cells.

30.     Each Defendants' UMTS/LTE Product includes a processor and a memory device with instructions stored therein.   Upon execution, these instructions perform a handover determination method in which each of Defendants' UMTS/LTE Products searches for a better cell pursuant to the cell reselection process stated in the UMTS and LTE standards.

31.      Each Defendants' UMTS/LTE Product complies with the UMTS and LTE standards.  As such, when communicating, it maintains an active list of base stations with which the Defendants' UMTS/LTE Product has sufficient signal strength to communicate.  The active list of base stations is used by each Defendants' UMTS/LTE Product itself to initiate cell reselection.

32.     Specifically, when Defendants' UMTS/LTE Product is used in a mobile radio network, it receives signals from base stations within range.  In accordance with UMTS and LTE standards, Defendants' UMTS/LTE Products periodically measure the signals received from base stations in the vicinity for handover determination purposes.   Then, each Defendants' UMTS/LTE Product generates an indication of the quality of the received signal.  Each device produces a ranking of available base stations based on a set of measured criteria, including but not limited to the quality of each received signal.

33.     Pursuant to the UMTS standard, Defendants' UMTS/LTE Product initiates the switch to a new cell (the handover of communication) based on how the new cell is ranked and only if the new cell is ranked higher than the cell currently handling the communication for a given period of time.  If the ranking of a potential new cell falls, such drop is an indication of a fall in the measured criteria (e.g., quality).

34.     Under the UMTS standard, when Defendants' UMTS/LTE Product identifies a better candidate cell,  it  sends  a  message  to  the  base  station  currently  servicing  the

communication.  Such message indicates that a switch should occur, such that communication is handed over to the new base station.   The message sent by each Defendants' UMTS/LTE Product initiates the handover of service from a current cell to a new, better cell.

35.    When Defendants' UMTS/LTE Product operates under the LTE standard, the devices periodically measure the signals received from base stations in the vicinity for cell section and reselection purposes.  Then, each Defendants' UMTS/LTE Product selects a suitable cell based on idle mode measurements and cell selection criteria, including quality of the signal.  When camped on a cell, Defendants' UMTS/LTE Product will regularly search for better cells according to the cell selection criteria.  For example, if the ranking of the new cell rises above the ranking of the serving cell during a particular time frame, then the characteristics of the potential new cell may rise as a function of time.  Conversely, if the ranking of the new cell falls below the ranking of the serving cell during a particular time frame, then the characteristics of the potential new cell may fall as a function of time.  Thus, the behavior of the characteristics of the potential new cell over the certain time interval produces an indication of the rise or fall of at least one measurement or criteria as a function of time.  If a better cell is found, then that better cell is selected which initiates the handover of Defendants' UMTS/LTE Product from a current cell to the better cell.  The initiation of a handover is based on the fact that, for example, the new cell did not fall below the quality of the serving cell during the time frame.

36.    The patented method recited in one or more claims of the '834 Patent is performed when a cell reselection is made by any Defendants' UMTS/LTE Product when it is using either the UMTS or LTE standards to communicate.

## COUNT 1
## DIRECT INFRINGEMENT OF THE '834 PATENT

37.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-36.

38.     Taken together, either partially or entirely, the features included in the Defendants' UMTS/LTE Products including, but not limited to, MyTouch mobile phone, T-Mobile G2 mobile phone, and Sonic Mobile 4g Hotspot, perform the process recited in one or more claims of the '834 Patent.

39.     Defendants directly infringe one or more claims of the '834 Patent by using Defendants' UMTS/LTE Products, which perform the process defined by one or more claims of the '834 Patent.   For example, without limitation, Defendants directly infringe at least claim 8 of the '834 Patent by using Defendants' UMTS/LTE Products, including use by Defendants' employees and agents, use during testing processes, and use when activating, servicing and/or repairing phones on behalf of customers.

40.     By engaging in the conduct described herein, Defendants have injured Steelhead and are thus liable for infringement of the '834 Patent, pursuant to 35 U.S.C. §271.

41.     Defendants have committed these acts of infringement without license or authorization.

42.     To the extent that facts learned in discovery show that Defendants' infringement of the '834 Patent is or has been willful, Steelhead reserves the right to request such a finding at the time of trial.

43.     As a result of Defendants' infringement of the '834 Patent, Steelhead has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

44.    Steelhead will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.  As such, Steelhead is entitled to compensation for any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

45.    Steelhead has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them from directly or indirectly infringing the '834 Patent.

## DEMAND FOR JURY TRIAL

46.    Steelhead demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Steelhead respectfully prays for the following relief:

1.    That Defendants be adjudged to have infringed the '834 Patent;

2.    That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '834 Patent;

3.    An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Steelhead for Defendants' past infringement and any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4.      An assessment of pre-judgment and post-judgment interests and costs against Defendants, together with an award of such interests and costs, in accordance with 35 U.S.C. §284;

5.      That Defendants be directed to pay enhanced damages, including Steelhead's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.      That Steelhead have such other and further relief as this Court may deem just and proper.

Dated: January 3, 2013                     BAYARD, P.A.

OF COUNSEL:                                /s/ Stephen B. Brauerman
                                           Richard D. Kirk (#0922)
Eugenio Torres-Oyola                       Stephen B. Brauerman (#4952)
FERRAIUOLI LLC                             Vanessa R. Tiradentes (#5398)
221 Plaza 5th Floor                        222 Delaware Avenue, Suite 900
221 Ponce de León Ave.                     P.O. Box 25130
San Juan, Puerto Rico 00917                Wilmington, DE 19899
(787) 766-7000                             (302) 655-5000
etorres@ferraiuoli.com                     rkirk@bayardlaw.com
                                           sbrauerman@bayardlaw.com
                                           vtiradentes@bayardlaw.com

                                           *Attorneys for Plaintiff Steelhead Licensing LLC*